NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDELIA MEJIA MENDOZA; JOSE
PAULINO GONZALEZ MEJIA;
ALFONSO DANIEL GONZALEZ MEJIA;
MIA LINETTE GONZALEZ MEJIA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7621

Agency Nos.
A246-574-353
A246-574-354
A246-574-355
A246-574-356

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and BUMATAY, Circuit Judges.

Edelia Mejia Mendoza ("Mejia Mendoza"), a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her

appeal of an Immigration Judge's ("IJ") decision deeming her applications for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief abandoned for failure to comply with biometrics requirements.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review for abuse of discretion the decision to deem an application abandoned.  *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021).  We also review for abuse of discretion the denial of a continuance.  *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023).  We review de novo due process challenges to immigration proceedings.  *Id.* at 1047.

The IJ has authority to deem an application abandoned for failure to comply with the biometrics requirement.  *Gonzalez-Veliz*, 996 F.3d at 948 (citing 8 C.F.R. § 1003.47(c)).  At two preliminary hearings, the IJ informed Mejia Mendoza that she needed to complete the biometrics requirement, detailed how to do so, and explained the consequences of failing to comply.  Mejia Mendoza does not dispute that she had not completed the biometrics requirement at the time of her final hearing on June 25, 2024.

Mejia Mendoza claims that the IJ's decision violated her due process rights because she was not properly informed of the consequences of failing to comply with the biometrics requirement by the time of her final hearing.  The record belies this claim.  The IJ concluded Mejia Mendoza's penultimate hearing, on May 11,

---

[1] Mejia Mendoza's three children are listed as petitioners in this case.  Because their claims are derivative of their mother's, we do not discuss them separately.

2023, with a reminder to complete the biometrics requirement by the time of her June 25, 2024, hearing. The IJ was also clear that failure to complete the biometrics requirement would result in a finding of abandonment.

The record also contravenes Mejia Mendoza's claim that the IJ violated her due process rights by failing to fully develop the record. Mejia Mendoza claims that the IJ needed to further inquire as to what aid, if any, Mejia Mendoza had received in connection with the completion of her biometrics requirement. At her final hearing, Mejia Mendoza affirmed that she remembered both the IJ's explanation of the biometrics requirement and that failure to comply with the biometrics requirement would result in a finding of abandonment. Although she referenced help she was receiving from the Salvation Army, she subsequently asserted that she was waiting for "some paper to arrive" to begin the biometrics process.

Because Mejia Mendoza clearly stated to the IJ that she had not begun the biometrics process, no further development of the record was needed. IJs are "neutral fact-finder[s]" and may not serve as a petitioner's advocate. *Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1008 (9th Cir. 2003). Accordingly, Mejia Mendoza failed to demonstrate that the "proceeding was so fundamentally unfair" as to violate her due process rights. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (quoting *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000)).

Finally, Mejia Mendoza claims a due process violation stemming from the IJ's denial of a continuance to permit Mejia Mendoza additional time to obtain counsel. Whether an IJ abused his discretion in denying a continuance "sheds light on whether a noncitizen was deprived of [her] due process rights." *Arizmendi-Medina*, 69 F.4th at 1051. The IJ did not abuse his discretion here. Mejia Mendoza received three continuances over a span of one year and five months—a period well in excess of what we have previously held is reasonable to secure counsel. *See, e.g.*, *Gonzalez-Veliz*, 996 F.3d at 949. Because Mejia Mendoza presents no other evidence to suggest that the lack of a fourth continuance rendered the proceeding fundamentally unfair, we affirm the BIA's finding that no due process violation occurred.

An applicant may be excused from her failure to comply with the biometrics requirement if the failure was the result of good cause. 8 C.F.R. §§ 1003.47(c), 1208.10. Mejia Mendoza did not establish that her failure to comply was the result of good cause. Her *pro se* status and English language difficulties, standing alone, do not constitute good cause, especially after her repeated assurances that she understood the IJ. *See Gonzalez-Veliz*, 996 F.3d at 945, 949 (deeming application abandoned and finding no good cause where applicant had trouble understanding English but acknowledged IJ's instructions). Contrary to Mejia Mendoza's claim, the IJ set forth several reasons for finding no good cause, including the length of

4 24-7621

time Mejia Mendoza had known about the biometrics requirement and her failure to mail the documents required to initiate the biometrics process. Because there was an absence of good cause to excuse Mejia Mendoza's failure to comply with the biometrics requirement, the BIA did not abuse its discretion in affirming the IJ's finding that Mejia Mendoza's application was abandoned.

**PETITION DENIED.**[1]

---

[1] The stay of removal (Dkt. No. 3) will dissolve upon the issuance of the mandate.

24-7621